Filed 11/16/20  P. v. McClellan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C088652 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE013971) |
| v. | |
| LAMERREA MONTE MCCLELLAN, | |
| Defendant and Appellant. | |

Defendant Lamerrea Monte McClellan appeals the trial court's imposition of an upper term sentence for a personal use of a firearm enhancement.  He argues the court did not consider mitigating factors and should have imposed the midterm sentence.  We affirm the judgment.

## FACTS

Defendant gave a firearm to J.P.'s son to commit a robbery of a family friend. When J.P. learned of the robbery, she took the gun from her son and gave it to the

robbery victim. Defendant later went to J.P.'s home to retrieve the gun. On learning the gun had been given away, defendant used another gun to shoot J.P.'s car in the driveway. Eight shell casings were found throughout J.P.'s lawn and driveway.

Defendant was charged with vandalism, discharging a firearm at an unoccupied vehicle, and being a felon in possession of a firearm. It was further alleged he personally used a firearm in committing the vandalism (Pen. Code, § 12022.5, subd. (a))[1] and was had been released from custody when he possessed the firearm (§ 12022.1). Defendant pleaded guilty to all counts and enhancements before the start of his trial.

The probation department report recommended a sentence of 13 years 8 months. The report detailed defendant's prior record that included two juvenile felonies, two juvenile misdemeanors, two juvenile probation violations, and one adult felony. Defendant also was under a grant of probation for a gun offense when he committed the current crimes, was validated as a gang member in the past, and assaulted another inmate while in prison. The report listed no factors in mitigation and recommended defendant be sentenced to prison to serve the upper term of 3 years for vandalism, upper term of 10 years for the attendant personal use of a firearm enhancement, staying the sentence for the discharging a firearm count, and one-third the midterm of 8 months for firearm possession.

The trial court sentenced defendant to serve 12 years 8 months in prison. Prior to sentencing, defendant submitted a statement in mitigation and his attorney made a lengthy argument in court requesting a sentence of six years eight months based on mitigating factors that included: the crime did not involve assault; his youthfulness at the time of the acts; he accepted responsibility by pleading guilty; and his adult record is limited. The court imposed the midterm for the vandalism count because it found

---

[1] Undesignated statutory references are to the Penal Code.

defendant had taken responsibility.  It imposed the upper term of 10 years on the firearm use because the location and number of shots fired showed a reckless disregard for others, defendant had an extensive juvenile record, and he was under a grant of probation for a gun-related offense.  The court found no mitigating factors.  The court also sentenced defendant to one-third the middle term for firearm possession and imposed but stayed the two-year midterm for discharging a firearm.

## DISCUSSION

Defendant argues the trial court did not properly consider and weigh mitigating factors when it imposed the upper term on the firearm enhancement because the facts of this case "are particularly unusual and differ from the normal personal use of a firearm allegation."  We disagree.

"When a judgment of imprisonment is to be imposed and the statute specifies three possible terms . . . [t]he court shall select the term which, in the court's discretion, best serves the interests of justice."  (§ 1170, subd. (b).)

The trial court's sentencing decision is reviewed for abuse of discretion, meaning its discretion must have been exercised in a manner that is not arbitrary and capricious. (*People v. Weber* (2013) 217 Cal.App.4th 1041, 1063.)  " '[A] trial court is free to base an upper term sentence upon any aggravating circumstance that the court deems significant, subject to specific prohibitions.' "  (*Id.* at p. 1063.)  "[T]he presence of one aggravating circumstance renders it lawful for the trial court to impose an upper term sentence."  (*People v. Black* (2007) 41 Cal.4th 799, 815; see *People v. Forster* (1994) 29 Cal.App.4th 1746, 1759 [finding upper term justified if "there remains one unassailable valid factor in aggravation"].)  "The trial court is not required to set forth its reasons for rejecting a mitigating factor.  [Citations.]  Further, unless the record affirmatively indicates otherwise, the trial court is deemed to have considered all relevant criteria, including any mitigating factors."  (*People v. Holguin* (1989) 213 Cal.App.3d 1308, 1317-1318.)

3

Defendant does not challenge the aggravating circumstances considered or the reasons given by the trial court, instead taking issue with the trial court's weighing of factors. This is soundly within the trial court's discretion. Though one factor in aggravation would support its decision, the trial court relied on several aggravating factors including his criminal record, his violation of probation from a gun-related offense with the current firearm offense, and the nature of this offense. At sentencing, the court had before it the same mitigating factors defendant now argues. The court is presumed to have considered all mitigating factors and need not explain the reasons for rejecting these factors. We conclude the trial court did not abuse its discretion imposing the upper term for the personal use of a firearm enhancement.

## DISPOSITION

The judgment is affirmed.

 /s/
HOCH, J.

We concur:

 /s/
BLEASE, Acting P. J.

 /s/
ROBIE, J.

4